# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Windshield Wiper Systems<br>In Re: Inverters<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices<br>In Re: Constant Velocity Joint Boots | 2:13-cv-00902<br>2:13-cv-00903<br>2:13-cv-01802<br>2:13-cv-01803<br>2:13-cv-02202<br>2:13-cv-02203<br>2:13-cv-02502<br>2:13-cv-02503<br>2:14-cv-02902<br>2:14-cv-02903 |
| This Document Relates to:<br><br>All Auto Dealer Actions<br>All End-Payor Actions | **Oral Argument Requested** |

## DEFENDANTS' COLLECTIVE MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS

PLEASE TAKE NOTICE that, by their counsel listed below, Defendants[1] respectfully move this Court for an Order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing all federal and state law claims in the Auto Dealers' and End-Payors' Consolidated Amended Class Action Complaints ("CACs").[2]   This motion is based on the supporting

---

[1] *See* Exhibit A.

[2] Specifically, the CACs are (i) the Auto Dealers' Consolidated Amended Class Action Complaints in Windshield Wiper Systems (ECF No. 48), Inverters (ECF No. 5 in 2:14-cv-14721), Fuel Injection Systems (ECF No. 32), Valve Timing Control Devices ECF No. 32), and Constant Velocity Joint Boots (ECF No. 6),  and (ii) the End-Payors' Consolidated Amended Class Action Complaints in Windshield Wiper Systems (ECF No. 60), Inverters (ECF No. 18), Fuel Injection Systems (ECF No. 28), Valve Timing Control Devices (ECF No. 30), and Constant Velocity Joint Boots (ECF No. 11).

memorandum of law, oral argument of counsel, and such other and further material as the Court may consider.[3]

As required by Local Rule 7.1(a), counsel for Defendants sought concurrence from counsel for the Auto Dealer and End-Payor plaintiffs on February 12, 2015, via telephone conference. During that call, counsel for Defendants explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*, dismissal of the CACs).

WHEREFORE, Defendants respectfully request that this Court issue an Order dismissing all federal and state law claims in the Auto Dealers' and End-Payors' Consolidated Amended Class Action Complaints.

Dated: February 13, 2015                    Respectfully submitted,


                                            */s/ Steven F. Cherry*
                                            Steven F. Cherry
                                            David P. Donovan
                                            Brian C. Smith
                                            Kurt G. Kastorf
                                            WILMER CUTLER PICKERING HALE
                                            AND DORR LLP
                                            1875 Pennsylvania Avenue, NW
                                            Washington, DC 20006
                                            Tel.: (202) 663-6000
                                            Fax: (202) 663-6363
                                            steven.cherry@wilmerhale.com
                                            david.donovan@wilmerhale.com
                                            brian.smith@wilmerhale.com
                                            kurt.kastorf@wilmerhale.com

                                            *Counsel for DENSO Corporation, DENSO
                                            International America, Inc., ASMO Co., Ltd.,
                                            ASMO North America, LLC, and ASMO Greenville
                                            of North Carolina, Inc.*

---

[3] Defendants also move to dismiss the CACs on other grounds by virtue of their individual and case-specific motions to dismiss.

/s/ Steven M. Zarowny (with consent)
Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 DENSO Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
STEVE_ZAROWNY@DENSO-diam.com

*Counsel for Defendant DENSO International America, Inc.*

/s/ George A. Nicoud III (with consent)
George A. Nicoud III
Joel S. Sanders
Austin Schwing
Stuart C. McPhail
Leslie A. Wulff
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.:  (415) 393-8200
Fax:  (415) 393-8306
TNicoud@gibsondunn.com
JSanders@gibsondunn.com
ASchwing@gibsondunn.com
SMcphail@gibsondunn.com
LWulff@gibsondunn.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

/s/ Terrence J. Truax (with consent)
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

3

Gary K. August
ZAUSMER, KAUFMAN, AUGUST &
CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Mitsubishi Electric Corporation,
Mitsubishi Electric US Holdings, Inc., and
Mitsubishi Electric Automotive America, Inc.*

*/s/ David C. Giardina* (with consent)
David C. Giardina
Courtney A. Rosen
SIDLEY AUSTIN LLP
One S. Dearborn St.
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
dgiardina@sidley.com
crosen@sidley.com

*/s/ Bradley J. Schram* (with consent)
Bradley J. Schram (MI Bar # P26337)
HERTZ SCHRAM PC
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd.,
Toyo Automotive Parts (USA), Inc.*

*/s/ Jeremy J. Calsyn (with consent)*
Jeremy J. Calsyn
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2000 Pennsylvania Ave, NW
Washington, DC 20006
Tel.: (202) 974-1552
Fax: (202) 974-1999
jcalsyn@cgsh.com

4

*/s/ Howard Iwrey*  (with consent)
Howard Iwrey
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel.: (248) 203-0526
Fax: (248) 203-0763
hiwrey@dykema.com

*Counsel for Aisin Seiki Co., Ltd., and Aisin
Automotive Casting, LLC*

*/s/ Barry A. Pupkin* (with consent)
Barry A. Pupkin
Iain R. McPhie
Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
1200 19th Street, NW, Suite 300
Washington, DC 20036
Tel:  (202) 626-6600
Fax:  (202) 626-6780
Barry.Pupkin@squirepb.com
Iain.McPhie@squirepb.com
Jeremy.Dutra@squirepb.com

*Counsel for Aisan Corporation of America and
Franklin Precision Industry, Inc.*

*/s/* (with consent) *William R. Jansen*
William R. Jansen (P36688)
Michael G. Brady (P57331)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

Michael Feldberg
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

John Roberti
ALLEN & OVERY LLP

5

1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com

*Counsel for Robert Bosch LLC, Robert Bosch*
*GmbH and Bosch Electrical Drives Co., Ltd.*

*/s/ Anita F. Stork (with consent)*
Anita F. Stork
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Tel:  (415) 591-7050
Fax:  (415) 955-6550
Email: astork@cov.com

Maureen T. Taylor (P63547)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Tel:  (248) 971-1721
Fax:  (248) 971-1801
Email: taylor@bwst-law.com

*Attorneys for Defendant Keihin North America, Inc.*

6

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Windshield Wiper Systems In Re: Inverters In Re: Fuel Injection Systems In Re: Valve Timing Control Devices In Re: Constant Velocity Joint Boots | 2:13-cv-00902 2:13-cv-00903 2:13-cv-01802 2:13-cv-01803 2:13-cv-02202 2:13-cv-02203 2:13-cv-02502 2:13-cv-02503 2:14-cv-02902 2:14-cv-02903 |
| This Document Relates to: All Auto Dealer Actions All End-Payor Actions | **Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' COLLECTIVE MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS**

## STATEMENT OF THE ISSUES PRESENTED

1.  Whether Plaintiffs lack Article III constitutional standing because they fail to sufficiently allege a causal connection between their alleged injury and Defendants' allegedly unlawful conduct.

2.  Whether Auto Dealers ("ADs") lack constitutional standing to assert claims under the laws of Hawaii and North Dakota, where no ADs allegedly reside or suffered injury.

3.  Whether Plaintiffs lack antitrust standing to bring their state antitrust claims under the laws of Arizona, California, the District of Columbia, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

4.  Whether Plaintiffs' antitrust claims under the laws of the District of Columbia, Mississippi, New York, North Carolina, South Dakota, Tennessee, West Virginia, and Wisconsin, and consumer protection law claims under the laws of California, Massachusetts, Montana, New York, and North Carolina, must be dismissed because Plaintiffs fail to allege the requisite sufficient nexus with or impact on intrastate commerce.

5.  Whether Plaintiffs are barred from recovering under the antitrust laws of Nebraska, New Hampshire, Utah, and Oregon for alleged anticompetitive conduct that occurred before the date that each of those states passed laws that "repeal" *Illinois Brick*.

6.  Whether Plaintiffs are barred from maintaining claims as class actions under the antitrust law of Illinois and the consumer protection laws of Montana and South Carolina because the relevant statutes explicitly prohibit such suits.

7.  Whether ADs' antitrust claims under Hawaii law fail because ADs did not give the state of Hawaii an opportunity to prosecute.

8.  Whether Plaintiffs lack standing to assert consumer protection claims under the laws of Arkansas, New York, and Vermont because their claims are too remote.

9.  Whether Plaintiffs are barred from bringing their California, New York, and North Carolina consumer protection claims, and End-Payors ("EPs") are barred from bringing their Massachusetts and Montana consumer protection claims, because they fail to allege a sufficient nexus between Defendants' alleged conduct and intrastate commerce.

10. Whether Plaintiffs are barred from bringing their Arkansas and New Mexico consumer protection claims because price-fixing claims cloaked as consumer protection claims are not actionable in Arkansas and New Mexico and because they fail to allege "unconscionable" conduct.

11. Whether Plaintiffs' consumer protection claims under the laws of Florida and New York must be dismissed because Plaintiffs fail to meet the special pleading requirements of those states' laws.

12. Whether EPs are barred from recovering under their Massachusetts and Rhode Island consumer protection claims because, as indirect purchasers, EPs lack standing and, for Rhode Island, because price-fixing claims cloaked as consumer protection claims are not actionable.

13. Whether Plaintiffs' claims for unjust enrichment under the laws of Florida, Kansas, Maine, Michigan, Minnesota, Montana, North Carolina, North Dakota, Rhode Island, South Carolina, and Utah must be dismissed because Plaintiffs fail to plead that they conferred a direct benefit on defendants.

14. Whether Plaintiffs are barred from maintaining unjust enrichment claims in twenty states (Arizona, Arkansas, California, Florida, Illinois, Iowa, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, and South Carolina) and the District of Columbia because Plaintiffs received the benefit of their bargains.

15. Whether Plaintiffs' claims for unjust enrichment under the laws of Kansas, Missouri, Nevada, New Hampshire, South Dakota, Tennessee, Vermont, and Wisconsin must be dismissed because Defendants provided consideration for the benefit they received.

16. Whether Plaintiffs' claim for unjust enrichment under California law must be dismissed because California does not recognize a cause of action for unjust enrichment.

17. Whether Plaintiffs' unjust enrichment claims under the laws of Arizona, Hawaii, Illinois, Iowa, Massachusetts, Minnesota, Mississippi, Montana, Nevada, New York, South Carolina, Tennessee, Utah, and West Virginia must be dismissed because Plaintiffs fail to meet the special pleading requirements of those states' laws.

18. Whether Plaintiffs' antitrust, consumer protection, and unjust enrichment claims, are barred, in whole or in part, by each state's statute of limitations.

19. Whether Plaintiffs can bring unjust enrichment claims under the laws of thirty-one states and the District of Columbia if there are no surviving antitrust or consumer protection claims under the laws of those states.

# **TABLE OF CONTENTS**

I.      THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR LACK OF
        CONSTITUTIONAL STANDING .................................................................2

II.     THE COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLAIMS ON
        STATUTORY OR OTHER GROUNDS.........................................................2

        A.      Arizona...........................................................................................2
        B.      Arkansas.........................................................................................4
        C.      California .......................................................................................5
        D.      District of Columbia ......................................................................6
        E.      Florida............................................................................................7
        F.      Hawaii ............................................................................................9
        G.      Illinois ..........................................................................................11
        H.      Iowa..............................................................................................12
        I.      Kansas ..........................................................................................13
        J.      Maine ...........................................................................................14
        K.      Massachusetts ..............................................................................15
        L.      Michigan ......................................................................................17
        M.      Minnesota.....................................................................................18
        N.      Mississippi ...................................................................................19
        O.      Missouri .......................................................................................20
        P.      Montana ........................................................................................21
        Q.      Nebraska .......................................................................................23
        R.      Nevada ..........................................................................................24
        S.      New Hampshire ............................................................................25
        T.      New Mexico .................................................................................26
        U.      New York .....................................................................................27
        V.      North Carolina .............................................................................28
        W.      North Dakota ................................................................................29
        X.      Oregon ..........................................................................................31
        Y.      Rhode Island ................................................................................32
        Z.      South Carolina .............................................................................33
        AA.     South Dakota ................................................................................34
        BB.     Tennessee .....................................................................................35
        CC.     Utah...............................................................................................37
        DD.     Vermont ........................................................................................38
        EE.     West Virginia ...............................................................................39
        FF.     Wisconsin.....................................................................................40

III.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFFS' UNJUST
        ENRICHMENT CLAIMS BECAUSE PLAINTIFFS CANNOT USE UNJUST
        ENRICHMENT TO RECOVER ON FAILED ANTITRUST AND CONSUMER
        PROTECTION THEORIES ..........................................................................41

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*,
  815 F. Supp. 1266 (D. Minn. 1993), *aff'd*, 29 F.3d 1283 (8th Cir. 1994) .............................18

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983) ("*AGC*") ........................................................................... passim

*Au v. Au*,
  626 P.2d 173 (Haw. 1981) ........................................................................................10

*Baier v. Ford Motor Co.*,
  No. C04-2039, 2005 WL 928615 (N.D. Iowa Apr. 21, 2005) ................................13

*Bank of Ravenswood v. Domino's Pizza, Inc.*,
  646 N.E.2d 1252 (Ill. App. Ct. 1995) ...................................................................11

*Batek v. Curators of the Univ. of Mo.*,
  920 S.W.2d 895 (Mo. 1996) ....................................................................................20

*Beaver v. Inkmart, LLC*,
  No. 12-60028, 2012 WL 4005970 (S.D. Fla. Sep. 12, 2012) ............................... 7-8

*Berenda v. Langford*,
  914 P.2d 45 (Utah 1996) ..........................................................................................38

*Bomar v. Moser*,
  251 S.W.3d 234 (Ark. 2007) ......................................................................................4

*Brown & Root Indus. Serv. v. Indus. Comm'n*,
  947 P.2d 671 (Utah 1997) ........................................................................................36

*California v. Infineon Techs. AG*,
  No. C 06-4333 PJH, 2008 WL 1766775 (N.D. Cal. Apr. 15, 2008) .......................37

*Carnival Corp. v. Rolls-Royce PLC*,
  No. 08-23318, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) ..................................8

*Cevenini v. Archbishop of Wash.*,
  707 A.2d 768 (D.C. 1998) .........................................................................................7

*Chandler v. Wackenhut Corp.*,
  No. 1:08-CV-1197, 2010 WL 307908 (W.D. Mich. Jan. 19, 2010), *aff'd*, 465 F. App'x 425
  (6th Cir. 2012) ..........................................................................................................17

ii

*Chaney v. Fields Chevrolet Co.*,
    503 P.2d 1239 (Or. 1972) ...................................................................................31

*Christy v. Miulli*,
    692 N.W.2d 694 (Iowa 2005) ...........................................................................13

*Colosimo v. Roman Catholic Bishop*,
    156 P.3d 806 (Utah 2007) .................................................................................38

*Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*,
    858 P.2d 66 (N.M. 1993) ..................................................................................26

*Crawford v. Paul Davis Restoration-Triad Inc.*,
    No. COA02-1040, 2003 WL 21436156 (N.C. Ct. App. June 17, 2003) ...............29

*Delco Oil, Inc. v. Pannu*,
    856 So. 2d 1070 (Fla. Dist. Ct. App. 2003) ........................................................9

*Doe v. St. Benedict's Abbey*,
    189 P.3d 580 (Kan. Ct. App. Aug. 8, 2008) .......................................................14

*First Fed. Sav. & Loan Ass'n v. Dade Fed. Sav. & Loan Ass'n*,
    403 So.2d 1097 (Fla. Dist. Ct. App. 1981) .........................................................9

*Five for Entm't S.A. v. Rodriguez*,
    877 F. Supp. 2d 1321 (S.D. Fla. 2012) ..............................................................7

*Fox v. City of Pompano Beach*,
    984 So. 2d 664 (Fla. Dist. Ct. App. 2008) .........................................................9

*Frank Cooke, Inc. v. Hurwitz*,
    406 N.E.2d 678 (Mass. App. Ct. 1980) .............................................................16

*Friends Univ. v. W.R. Grace & Co.*,
    608 P.2d 936 (Kan. 1980) .................................................................................14

*Hanna Mining Co. v. InterNorth, Inc.*,
    379 N.W.2d 663 (Minn. Ct. App. 1986)............................................................18

*Harkness v. Fitzgerald*,
    701 A.2d 370 (Me. 1997).................................................................................14

*Hesse v. Vinatieri*,
    145 Cal. App. 2d 448 (1956) ............................................................................6

*Hinkle v. Hargens*,
    81 N.W.2d 888 (S.D. 1957) .............................................................................34

*Hinkson v. Sauthoff*,
    74 N.W.2d 620 (Wis. 1956)................................................................40

*Holman v. Hansen*,
    773 P.2d 1200 (Mont. 1989) ..............................................................22

*In re Chocolate Confectionary Antitrust Litig.*,
    749 F. Supp. 2d 224 (M.D. Pa. 2010) ...........................................9, 10

*In re DDAVP Indirect Purchaser Antitrust Litig.*,
    903 F. Supp. 2d 198 (S.D.N.Y. 2012)................................................41

*In re Digital Music Antitrust Litig.*,
    812 F. Supp. 2d 390 (S.D.N.Y. 2011)...............................11, 41, 42

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
    516 F. Supp. 2d 1072 (N.D. Cal. 2007) ............................................21

*In re Flonase Antitrust Litig.*,
    692 F. Supp. 2d 524 (E.D. Pa. 2010) ................................................41

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*,
    No. 03-4558, 2010 WL 2813788 (D.N.J. July 9, 2010) .....................12

*In re K-Dur Antitrust Litig.*,
    No. 01-1652 (JAG), 2008 WL 2660780 (D.N.J. Feb. 28, 2008) ...........41

*In re Magnesium Oxide Antitrust Litig.*,
    No. 10-5943, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) .....................15

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
    350 F. Supp. 2d 160 (D. Me. 2004) .............................................41, 42

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
    MDL No. 1532, 2011 WL 13988485 (D. Me. Apr. 13, 2011) .................9

*In re Silk*,
    937 A.2d 900 (N.H. 2007) .................................................................25

*In re Terazosin Hydrochloride Antitrust Litig.*,
    160 F. Supp. 2d 1365 (S.D. Fla. 2001) .............................................41

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    Nos. M 07-1827 SI, C 10-4346 SI, 2011 WL 1113447 (N.D. Cal. Mar. 25, 2011) ...............30

*Kante v. Nike, Inc.*,
    No. CV 07-1407-HU, 2008 WL 5246090 (D. Or. Dec. 16, 2008), *aff'd*, 364 F. App'x 388
    (9th Cir. 2010)..................................................................................31

*Kobritz v. Severance*,
  912 A.2d 1237 (Me. 2007)......................................................................14

*Lamprey v. Britton Constr., Inc.*,
  37 A.3d 359, 367 (N.H. 2012) .............................................................25

*Lauter v. Anoufrieva*,
  642 F. Supp. 2d 1060 (C.D. Cal. 2009) ................................................6

*Martin v. Howard*,
  784 A.2d 291 (R.I. 2001) .....................................................................32

*McKinnon v. Honeywell Int'l, Inc.*,
  977 A.2d 420 (Me. 2009).....................................................................14

*Melchior v. New Line Prods. Inc.*,
  106 Cal. App. 4th 779 (2003) ................................................................5

*Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*,
  761 So. 2d 1256 (Fla. Dist. Ct. App. 2000) .........................................7

*Olson v. Wheelock*,
  680 P.2d 719 (Or. Ct. App. 1984)........................................................30

*Orlak v. Loyola University Health System*,
  885 N.E.2d 999 (Ill. 2007)...................................................................11

*Owen v. Gen. Motors Corp.*,
  533 F.3d 913 (8th Cir. 2008) ...............................................................20

*Pahlad v. Brustman*,
  33 A.D.3d 518 (N.Y. App. Div. 2006) .................................................28

*Pembee Mfg. Corp. v. Cape Fear Constr. Co.*,
  317 S.E.2d 41 (N.C. Ct. App. 1984) ....................................................29

*People v. Coleman*,
  794 N.E.2d 275 (Ill. 2002) ...................................................................12

*Porter v. Spader*,
  239 P.3d 743 (Ariz. Ct. App. 2010)........................................................3

*Portsmouth Country Club v. Town of Greenland*,
  883 A.2d 298 (N.H. 2005) ...................................................................25

*Puritan Med. Ctr., Inc. v. Cashman*,
  596 N.E.2d 1004 (Mass. 1992) ............................................................16

*Rodrigue v. VALCO Enters., Inc.*,
  726 A.2d 61 (Vt. 1999) ........................................................................39

*Roether v. Nat'l Union Fire Ins. Co.*,
  200 N.W. 818 (N.D. 1924) ..................................................................30

*Rucinsky v. Hentchel*,
  881 P.2d 616 (Mont. 1994)..................................................................22

*Rundgren v. Bank of N.Y. Mellon*,
  777 F. Supp. 2d 1224 (D. Haw. 2011) ................................................10

*Russell/Packard Dev., Inc. v. Carson*,
  78 P.3d 616 (Utah Ct. App. 2003), *aff'd*, 108 P.3d 741 (Utah 2005) .....................38

*Ryan v. Roman Catholic Bishop*,
  941 A.2d 174 (R.I. 2008) ....................................................................32

*Sattler v. Bailey*,
  400 S.E.2d 220 (W. Va. 1990)............................................................40

*Shadrick v. Coker*,
  963 S.W.2d 726 (Tenn. 1998)..............................................................36

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
  737 F. Supp. 2d 380 (E.D. Pa. 2010) ..................................................41

*Sills v. Oakland Gen. Hosp.*,
  559 N.W.2d 348 (Mich. Ct. App. 1996) ..............................................17

*Snapp & Assocs. Ins. Servs., Inc. v. Robertson*,
  96 Cal. App. 4th 884 (2002) .................................................................6

*Spann v. Diaz*,
  987 So. 2d 443 (Miss. 2008)................................................................19

*Stark v. Advanced Magnetics, Inc.*,
  736 N.E.2d 434 (Mass. App. Ct. 2000) ...............................................16

*State ex rel. Susedik v. Knutson*,
  191 N.W.2d 23 (Wis. 1971)................................................................40

*State Farm Mutual Auto Ins. Co. v. Ford Motor Co.*,
  572 N.W.2d 321 (Minn. Ct. App. 1997)..............................................18

*Stephens v. Equitable Life Assurance Soc'y of the U.S.*,
  850 So. 2d 78 (Miss. 2003)..................................................................19

vi

*Strassburg v. Citizens State Bank*,
  581 N.W.2d 510 (S.D. 1998) ......................................................34

*Strong v. Univ. of S.C. Sch. of Med.*,
  447 S.E.2d 850 (S.C. 1994) .......................................................33

*Stuart & Sons, L.P. v. Curtis Publ'g Co.*,
  456 F. Supp. 2d 336 (D. Conn. 2006) ............................... passim

*Tovrea Land & Cattle Co. v. Linsenmeyer*,
  412 P.2d 47 (Ariz. 1966) .............................................................3

*Upah v. Ancona Bros. Co.*,
  521 N.W.2d 895 (Neb. 1994) ....................................................23

*Walker v. USAA Cas. Ins. Co.*,
  474 F. Supp. 2d 1168 (E.D. Cal. 2007), *aff'd sub nom. Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009) .......................................................5

*Watts v. Mulliken's Estate*,
  115 A. 150 (Vt. 1921) ...............................................................39

*Wilkerson v. Christian*,
  No. 1:06-cv-00871, 2008 WL 483445 (M.D.N.C. Feb. 19, 2008) ........................................29

*Winn v. Sunrise Hosp. & Med. Ctr.*,
  277 P.3d 458 (Nev. 2012) ..........................................................24

*Yancey v. Remington Arms Co.*,
  Nos. 1:12-cv-477 .......................................................................29

*Yarbro, Ltd. v. Missoula Fed. Credit Union*,
  50 P.3d 158 (Mont. 2002) ..........................................................22

*Zoe G. v. Frederick F. G.*,
  208 A.D.2d 675 (N.Y. App. Div. 1994) ....................................28

**Statutes**

740 Ill. Comp. Stat. ........................................................................11

14 Me. Rev. Stat. § 752 ...................................................................14

Ariz. Rev. Stat. Ann. § 44-1410 .......................................................3

Ark. Code Ann. § 4-88-115 ..............................................................4

Cal. Bus. & Prof. Code §§ 16750.1 ..................................................6

vii

D.C. Code §§ 12-301(8) .................................................................................7

D.C. Code § 28-4511(b) ................................................................................7

Fla. Stat. Ann. § 95.11(3) ..............................................................................8

Haw. Rev. Stat. § 480-13.3(a) ...................................................................9, 10

Haw. Rev. Stat. § 480-24 .............................................................................10

Iowa Code § 553.16(1) ................................................................................12

Kan. Stat. Ann. § 60-512(2) .........................................................................13

Mass. Gen. Laws ch. 93, § 13 ......................................................................16

Mich. Comp. Laws § 445.781 .......................................................................17

Minn. Stat. § 325D.64 .................................................................................18

Miss. Code Ann. § 15-1-49 ..........................................................................19

Mo. Rev. Stat. § 516.120 .............................................................................20

Mont. Code Ann. § 27-2-102(3) ....................................................................22

Mont. Code Ann. § 27-2-2114 .......................................................................22

Mont. Code. Ann. § 30-14-133 .....................................................................21

Mont. Code Ann. § 30-14-133(1) ...................................................................21

N.C. Gen. Stat. § 75-16.2 ............................................................................29

N.D. Cent. Code § 51-08.1-10(1) ..................................................................30

N.H. Rev. Stat. Ann. § 356:12 ......................................................................25

N.M. Stat. Ann. § 57-1-12 ...........................................................................26

N.Y. C.P.L.R. 214(2) ...................................................................................27

N.Y. Gen. Bus. Law § 340(5) ........................................................................27

Neb. Rev. Stat. § 59-1612 ...........................................................................23

Nev. Rev. Stat. § 598A.220 ..........................................................................24

Or. Rev. Stat. § 646.140 ..............................................................................31

R.I. Gen. Laws § 6-36-23 .................................................................................32

S.C. Code Ann. § 39-5-140(a) .........................................................................33

S.C. Code Ann. § 39-5-150 ..............................................................................33

S.D. Codified Laws § 37-1-14.4 ......................................................................34

Tenn. Code Ann. § 28-3-105 ............................................................................36

Utah Code Ann. § 68-3-3 ..................................................................................36

Utah Code Ann. § 76-10-3109 ..........................................................................36

Utah Code Ann. § 76-10-3117 ..........................................................................37

Vt. Stat. Ann. tit. 12, § 511 ..............................................................................38

W. Va. Code Ann. § 47-18-11 ..........................................................................39

Wisc. Stat. § 133.18(2) .....................................................................................40

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................................45

Fed. R. Civ. P. 12(b)(6) ....................................................................................45

## **INDEX OF EXHIBITS**

| EXHIBIT A | List of Defendants Joining the Motion |
|---|---|
| EXHIBIT B | Citations to Individual Complaints |
| EXHIBIT C | Summary of Defendants' Arguments for Dismissal of Plaintiffs' Claims Based on Statute of Limitations |
| EXHIBIT D | Citations to Previous Motions to Dismiss and Reply Briefs |

## INTRODUCTION

The Auto Dealers ("AD") and End-Payors ("EP") (collectively "Plaintiffs") in these five separate product cases allege that they were indirectly injured by conspiracies to fix prices for various automotive parts that the defendants in each case allegedly sold to automobile manufacturers.  Plaintiffs seek to represent a class of indirect purchasers who indirectly acquired the different auto parts when they allegedly purchased or leased cars that contained each part.[4] *See* Auto Dealers' Consolidated Amended Class Action Inverters Complaint ("AD Compl.") ¶¶ 2, 136, 209-210; End-Payors' Consolidated Amended Class Action Inverters Complaint ("EP Compl.") ¶¶ 3, 157-158.[5]  Despite Plaintiffs' efforts to frame this as a single "grand conspiracy" among parts suppliers, the fact is that certain companies have pleaded guilty to certain conduct occurring at certain times, each based upon its own peculiar facts.  Plaintiffs, however, ignore any distinctions both within their own putative class and among the various Defendants, and proceed *en masse* in an effort to gloss over the deficiencies in their claims.

The Court should dismiss Plaintiffs' federal and state law claims in their entirety.  First, Plaintiffs lack both Article III constitutional standing and antitrust standing.

Second, Plaintiffs' state claims fail for numerous state-specific reasons.  In many instances, Plaintiffs fail even to allege the basic facts necessary to give rise to their state claims.

The Court should dismiss all of Plaintiffs' claims in these five cases.

---

[4] On February 3, 2015, Defendants received a letter from Auto Dealer Plaintiffs stating that they will not pursue claims for replacement automotive parts in any of the cases in 12-md-02311. Accordingly, Defendants' motion does not address these claims.  Likewise, End Payors have agreed to dismiss claims based on replacement parts in other cases, but have not brought claims based on replacement parts in the above-captioned cases.

[5] Here and throughout, for corresponding citations to the complaints in the four actions other than Inverters, *see* Exhibit B.

1

<u>**ARGUMENT**</u>

**I.     THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR LACK OF CONSTITUTIONAL STANDING**

The Court should dismiss the Auto Dealer and End-Payor claims because Plaintiffs do not have Article III constitutional standing.   As in the other auto parts cases in which the defendants moved to dismiss for lack of constitutional standing, Plaintiffs do not sufficiently allege a causal connection between their alleged injury and Defendants' alleged unlawful conduct.[6]

**II.     THE COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLAIMS ON STATUTORY OR OTHER GROUNDS**

Plaintiffs' state antitrust, consumer protection, and state unjust enrichment claims are deficient for numerous state-specific reasons.   As the Court has requested in Prior Auto Parts Cases[7], Defendants will address those reasons state-by-state.

**A.     Arizona** (No New Authority)[8]

The Court should dismiss Plaintiffs' Arizona claims.

**First**, for the reasons explained in the Previous Briefs,[9] the Court should dismiss Plaintiffs' Arizona antitrust claims because Plaintiffs do not have antitrust standing under

---

[6] Defendants incorporate by reference herein, but will not repeat, the arguments contained in the previous motions to dismiss regarding Plaintiffs' lack of constitutional standing.  *See* Exhibit D. In addition to Plaintiffs' failure to plead the elements of Article III standing, Plaintiffs do not have standing to assert claims under the laws of states in which no plaintiff resides (Hawaii and North Dakota for the Auto Dealers), and thus, the Court should dismiss their claims under those state laws as well.  *See id.*

[7] The prior auto parts cases include *Bearings*, *Fuel Senders*, *Heater Control Panels (HCP)*, *Instrument Panel Clusters (IPC)*, *Occupant Safety Systems (OSS)*, *Wire Harnesses (WH)*, *Anti-Vibration Rubber Parts, Radiators, Switches, Motor Generators, HID Ballasts, Electronic Power Steering Assemblies, Fan Motors, Power Window Motors, and Windshield Washer Systems* (collectively, the "Prior Auto Parts Cases").

[8] Per the Court's September 2, 2014, Order on Briefing, in Section II Defendants identify any Previously Uncited Authority at the beginning of each state sub-section.

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC")* or any other remoteness standard.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Arizona unjust enrichment claim because Plaintiffs fail to plead the absence of a legal remedy and because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third**, Arizona's statute of limitations bars Plaintiffs' Arizona antitrust claims and Arizona unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in Arizona is four years, and the same limitation applies to unjust enrichment claims that are based on the same allegations. Ariz. Rev. Stat. Ann. § 44-1410; *Stuart & Sons, L.P. v. Curtis Publ'g Co.*, 456 F. Supp. 2d 336, 343 (D. Conn. 2006) (to prevent opportunistic pleading, where a plaintiff asserts an equitable claim based on the same conduct used to support a statutory claim, both claims are controlled by the statute of limitations applicable to the statutory claim).

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations based on fraudulent concealment, Arizona requires that Plaintiffs allege with particularity positive acts of concealment that misled them.  *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966); *Porter v. Spader*, 239 P.3d 743, 747 (Ariz. Ct. App. 2010).  They do not do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.  *See* Exhibit C.

_____

[9] Citations to previous motions to dismiss and reply briefs, collectively, "Previous Briefs" are listed on Exhibit D.

**B.**     **Arkansas** (No New Authority)

The Court should dismiss Plaintiffs' Arkansas claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Arkansas consumer protection claims because (i) Plaintiffs fail to allege "unconscionable" conduct, (ii) price-fixing claims cloaked as consumer protection claims are not actionable in Arkansas, and (iii) Plaintiffs are too remote to have standing.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Arkansas unjust enrichment claims because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third**, Arkansas' statute of limitations bars Plaintiffs' Arkansas consumer protection claims and Arkansas unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.   The statute of limitations for consumer protection claims in Arkansas is five years, and this limitation applies to unjust enrichment claims that are based on the same allegations.  Ark. Code Ann. § 4-88-115; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations based on fraudulent concealment, Arkansas requires that Plaintiffs plead with particularity a positive act of fraud that is actively concealed and is not discoverable by reasonable diligence.  *Bomar v. Moser*, 251 S.W.3d 234, 241-42 (Ark. 2007). Plaintiffs do not do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than five years before Plaintiffs filed their original complaints.

C.      **California** (No New Authority)

The Court should dismiss Plaintiffs' California claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' California antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, the Court should dismiss Plaintiffs' California consumer protection claims because, for the reasons explained in the Previous Briefs, Plaintiffs fail to allege a sufficient nexus to California.  *See* Exhibit D.

**Third**, the Court should dismiss EPs' California unjust enrichment claims because, as the Court previously recognized in *Fuel Senders*, *IPC*, and *HCP*, the cause of action *does not exist* under California law.  The Court dismissed plaintiffs' California unjust enrichment claims in those cases for this reason, and it should do so here as well.  *See Fuel Senders*, 2:12-cv-00302, ECF No. 104; *IPC*, 2:12-cv-00202, ECF No. 82; *HCP*, 12-cv-00402, ECF No. 130; s*ee also Melchior v. New Line Prods. Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself" (internal quotations and citation omitted)); *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007) ("Because California law does not recognize [p]laintiff's claim for unjust enrichment, there are no facts [p]laintiff could prove to support this claim."), *aff'd sub nom. Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009).

Alternatively, the Court should dismiss EPs' California unjust enrichment claim because, as the defendants in the Prior Auto Parts Cases explained in their motions to dismiss, the EPs received the benefit of their bargain.  *See* Exhibit D.  However, if the Court dismisses this claim on the same grounds as it did in *Fuel Senders, IPC* and *HCP*, it need not consider this alternative basis for dismissal.

**Fourth**, California's statute of limitations bars Plaintiffs' California antitrust and consumer protection claims, and EPs' California unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust and consumer protection claims in California is four years, and the same limitation applies to equitable claims that rely on the same allegations.  Cal. Bus. & Prof. Code §§ 16750.1; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations based on fraudulent concealment, California requires that Plaintiffs plead with particularity both affirmative acts and due diligence, *Hesse v. Vinatieri*, 145 Cal. App. 2d 448, 451-52 (1956); *Snapp & Assocs. Ins. Servs., Inc. v. Robertson*, 96 Cal. App. 4th 884, 890-91 (2002), and that the affirmative acts caused the failure to have notice of the alleged claims, *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1100 (C.D. Cal. 2009).  Plaintiffs fail to satisfy any of these requirements.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

   **D.   District of Columbia** (No New Authority)

The Court should dismiss Plaintiffs' District of Columbia claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' District of Columbia antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' District of Columbia unjust enrichment claim because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third**, the statute of limitations in the District of Columbia bars Plaintiffs' District of Columbia antitrust and unjust enrichment claims, and EPs' consumer protection claim.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for consumer protection and antitrust claims in the District of Columbia is three and four years, respectively, and these limitations apply equally to unjust enrichment claims asserted based on the same allegations.  D.C. Code §§ 12-301(8); D.C. Code § 28-4511(b); *Stuart & Sons,* 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations based on fraudulent concealment, the District of Columbia requires that Plaintiffs plead with particularity affirmative acts or due diligence.  *Cevenini v. Archbishop of Wash.*, 707 A.2d 768, 773–74 (D.C. 1998).  Plaintiffs do not do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' consumer protection and unjust enrichment claims for damages based on purchases more than three years before Plaintiffs filed their original complaints, and Plaintiffs' antitrust claims for damages based on purchases more than four years before Plaintiffs filed their original complaints

### E.    **Florida** (No New Authority)

The Court should dismiss Plaintiffs' Florida claims.

**First**, Plaintiffs' Florida consumer protection claims fail because Plaintiffs do not allege that Defendants engaged in any conduct in Florida.  Florida's consumer protection law applies only to unfair or deceptive conduct that occurred within the state of Florida. *Five for Entm't S.A.*

7

*v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012) ("FDUTPA applies only to actions that occurred within the state of Florida."); *Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So. 2d 1256, 1262 (Fla. Dist. Ct. App. 2000); *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, at *3 (S.D. Fla. Sep. 12, 2012); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009). Plaintiffs do not allege any specific conduct by any Defendant within Florida. Nor do AD's new allegations that their proposed class include those "who resided in Florida and/or purchased Inverters or vehicles in Florida" remedy this deficiency: they allege nothing about the locality of Defendants' conduct. *See* AD Compl. ¶ 305. The Court should dismiss Plaintiffs' Florida consumer protection claims for that reason alone.

Alternatively, the Court should dismiss Plaintiffs' Florida consumer protection claims because, as explained in the Previous Briefs, Plaintiffs fail to plead fraud or deceit with the required particularity. *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Florida unjust enrichment claim because Plaintiffs do not plead that they conferred a direct benefit on Defendants and because Plaintiffs received the benefit of their bargain. *See* Exhibit D.

**Third**, Florida's statute of limitations bars Plaintiffs' Florida consumer protection and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for consumer protection claims in Florida is four years, and the same limitation applies to unjust enrichment claims that are based on the same allegations. Fla. Stat. Ann. § 95.11(3); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶

188-198.  As an initial matter, Florida does not recognize fraudulent concealment tolling for consumer protection claims.  *See Bearings*, 2:14:-cv-12095, ECF No. 40 at 4-8; *id.* at ECF No. 50 at 2-7.  For those claims for which fraudulent concealment tolling is available, Florida requires that Plaintiffs plead with particularity both affirmative acts and due diligence.  *First Fed. Sav. & Loan Ass'n v. Dade Fed. Sav. & Loan Ass'n*, 403 So.2d 1097, 1100 (Fla. Dist. Ct. App. 1981); *Delco Oil, Inc. v. Pannu*, 856 So. 2d 1070, 1073 (Fla. Dist. Ct. App. 2003); *Fox v. City of Pompano Beach*, 984 So. 2d 664, 668 (Fla. Dist. Ct. App. 2008).  Plaintiffs have not done either.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

> **F.**      **Hawaii** (No New Authority)

The Court should dismiss Plaintiffs' Hawaii claims.

**First**, the Court should dismiss ADs' Hawaii antitrust claims because ADs did not give the state of Hawaii an opportunity to prosecute, as Hawaii's antitrust statute requires.  Haw. Rev. Stat. § 480-13.3(a).  *See also In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, MDL No. 1532, 2011 WL 13988485, at *8 (D. Me. Apr. 13, 2011); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 232-33 (M.D. Pa. 2010).  The Court recognized this requirement in *WH* but found that plaintiffs satisfied the requirement because the attorney general declined to prosecute the sealed wire harness complaint and then unsealed the complaint and gave plaintiffs permission to proceed.  *WH*, 2:12-md-02311, ECF No. 99 at 17 n.1.  Here, however, ADs did not file their complaint under seal as required by state law and do not allege that they otherwise satisfied the statutory requirement.

Alternatively, the Court should dismiss ADs' Hawaii antitrust claims because, as explained in the Previous Briefs, ADs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, as with the ADs' Hawaii antitrust claims, the Court should dismiss EPs' Hawaii consumer protection claims on ripeness grounds because EPs did not give the state of Hawaii an opportunity to prosecute.  Haw. Rev. Stat. § 480-13.3(a).  *Compare* EP Compl. at ¶ 261 with *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 232-33 (M.D. Pa. 2010) (dismissing consumer protection claim where the language of the complaint alleged both unfair competition *and* unfair or deceptive acts or practices, and thus plaintiffs' failure to comply with the attorney general notification procedures warranted dismissal).

**Third,** the Court should dismiss Plaintiffs' Hawaii unjust enrichment claims because, as explained in the Previous Briefs, Hawaii does not permit unjust enrichment claims where, as here, a statutory claim is available.  *See* Exhibit D.

**Fourth**, Hawaii's statute of limitations bars Plaintiffs' Hawaii unjust enrichment claims, ADs' Hawaii antitrust claims, and EPs' Hawaii consumer protection claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust, consumer protection, and unjust enrichment claims in Hawaii is four years.  Haw. Rev. Stat. § 480-24; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Hawaii requires that Plaintiffs plead with particularity both affirmative acts and due diligence.  *Rundgren v. Bank of N.Y. Mellon*, 777 F. Supp. 2d 1224, 1230 (D. Haw. 2011); *Au v. Au*, 626 P.2d 173, 178 (Haw. 1981).  Plaintiffs have not done so.  Thus, the Court should apply the statute of limitations and

dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

> **G.    Illinois** (No New Authority)

The Court should dismiss ADs' Illinois claims.

**First**, the Court should dismiss ADs' Illinois antitrust claim because, as the Court has previously held, Illinois does not allow indirect purchaser plaintiffs to assert antitrust claims as class actions.  *See HCP*, 12-cv-00402, ECF No. 130; *Fuel Senders*, 2:12-cv-00302, ECF No. 104; *IPC*, 2:12-cv-00202, ECF No. 82; *WH*, 2:12-md-02311, ECF No. 99; *see also In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 415-16 (S.D.N.Y. 2011).  As in *WH*, *IPC*, *Fuel Senders*, and *HCP*, ADs here are admittedly indirect purchaser plaintiffs.  AD Compl. ¶ 136. Thus, the Court should dismiss their antitrust claim on the same ground as it dismissed the same claims in those cases.

Alternatively, the Court should dismiss ADs' Illinois antitrust claim because, as explained in the Previous Briefs, ADs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss ADs' Illinois unjust enrichment claim because ADs do not allege a duty owed to them by Defendants and because ADs received the benefit of their bargain.  *See* Exhibit D.

**Third**, Illinois' statute of limitations bars ADs' Illinois antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in Illinois is four years, and the limitation applies equally to unjust enrichment claims that are based on the same allegations.  740 Ill. Comp. Stat. 10/7(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

11

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. *See* AD Compl. ¶¶ 237-248. To toll the statute of limitations for fraudulent concealment, Illinois requires that ADs plead with particularity affirmative acts upon which ADs detrimentally relied, *Bank of Ravenswood v. Domino's Pizza, Inc.*, 646 N.E.2d 1252, 1261 (Ill. App. Ct. 1995); *Orlak v. Loyola University Health Sys.*, 885 N.E.2d 999, 1009 (Ill. 2007), and due diligence by ADs. *People v. Coleman*, 794 N.E.2d 275, 293 (Ill. 2002); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*, No. 03-4558, 2010 WL 2813788, at *22 (D.N.J. July 9, 2010). ADs do not plead either. Thus, the Court should apply the statute of limitations and dismiss ADs' claims for damages based on purchases more than four years before ADs filed their original complaints.

   **H.    Iowa** (No New Authority)

The Court should dismiss Plaintiffs' Iowa claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Iowa antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Exhibit D.

**Second**, the Court should dismiss Plaintiffs' Iowa unjust enrichment claims because, as explained in the Previous Briefs, Plaintiffs fail to allege a direct relationship between themselves and Defendants. *See* Exhibit D.

Alternatively, the Court should dismiss Plaintiffs' Iowa unjust enrichment claim because, as explained in the Previous Briefs, Plaintiffs received the benefit of their bargain. *See* Exhibit D.

**Third**, Iowa's statute of limitations bars Plaintiffs' Iowa antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for antitrust claims in Iowa is four years, and the same limitation applies to

12

unjust enrichment claims that are based on the same allegations. Iowa Code § 553.16(1); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198. To toll the statute of limitations for fraudulent concealment, Iowa requires that Plaintiffs plead with particularity affirmative concealment, due diligence, and detrimental reliance. *Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005); *Baier v. Ford Motor Co.*, No. C04-2039, 2005 WL 928615, at *4-5 (N.D. Iowa Apr. 21, 2005). Plaintiffs do not plead any of these requirements. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

>    **I.**     **Kansas** (No New Authority)

The Court should dismiss Plaintiffs' Kansas claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Kansas antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Kansas unjust enrichment claim because Plaintiffs fail to plead they conferred a direct benefit on Defendants and because Plaintiffs received consideration for the benefit conferred. *See* Exhibit D.

**Third**, Kansas' statute of limitations bars Plaintiffs' Kansas antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF. No. 62. The statute of limitations for antitrust claims in Kansas is three years, and the limitation

13

applies equally to unjust enrichment claims that rely on the same allegations. Kan. Stat. Ann. § 60-512(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198. To toll the statute of limitations for fraudulent concealment, Kansas requires that Plaintiffs plead with particularity affirmative concealment, due diligence, and detrimental reliance. *Friends Univ. v. W.R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980); *Doe v. St. Benedict's Abbey*, 189 P.3d 580 (Kan. Ct. App. Aug. 8, 2008). Plaintiffs have not plead any of these allegations. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than three years before Plaintiffs filed their original complaints.

    **J.**    **Maine** (No New Authority)

The Court should dismiss Plaintiffs' Maine claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Maine antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs Maine unjust enrichment claim because Plaintiffs fail to allege they conferred a direct benefit on Defendants. *See* Exhibit D.

**Third**, Maine's statute of limitations bars Plaintiffs' Maine antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for antitrust claims in Maine is six years, and the limitation applies equally to unjust enrichment claims based on the same allegations. 14 Me. Rev. Stat. § 752.

14

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Maine requires that Plaintiffs plead with particularity affirmative concealment, detrimental reliance, and due diligence.  *McKinnon v. Honeywell Int'l, Inc.*, 977 A.2d 420, 426 (Me. 2009); *Harkness v. Fitzgerald*, 701 A.2d 370, 372 (Me. 1997); *Kobritz v. Severance*, 912 A.2d 1237, 1241 (Me. 2007).  Plaintiffs have not done so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than six years before Plaintiffs filed their original complaints.

## K.    Massachusetts (No New Authority)

The Court should dismiss Plaintiffs' Massachusetts claims.

**First**, the Court should dismiss EPs' Massachusetts consumer protection claim because EPs fail to allege a sufficient nexus to Massachusetts.  To state a Massachusetts consumer protection claim, EPs must plead facts establishing that Defendants' alleged "unlawful conduct affect[ed] trade and commerce in [Massachusetts]."  *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090, at *25 (D.N.J. Oct. 20, 2011) (citing Mass. Gen. Laws ch. 93A, §§ 1, 2).  Like the indirect purchasers in *Magnesium Oxide*, EPs here allege only that (a) Defendants restrained trade in a market that "includes Massachusetts, by affecting, fixing, controlling and/or maintaining at artificial and noncompetitive levels the prices at which Inverters were sold, distributed or obtained in Massachusetts"; (b) "Inverters price competition was restrained, suppressed, and eliminated throughout Massachusetts"; and (c)  "Inverters prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Massachusetts."  *Compare*

15

EP Compl. ¶ 250[10] *with Magnesium Oxide*, 2011 WL 5008090, at *26.  Because such allegations "are conclusory and do not tie [Plaintiffs'] injuries to the alleged conspiracy's effect on trade and commerce in [Massachusetts]," EPs' consumer protection claims must be dismissed.

Alternatively, the Court should dismiss EPs' Massachusetts consumer protection claim because, as explained in the Previous Briefs, EPs lack standing under Massachusetts law.  *See* Exhibit D.

**Second**, the Court should dismiss Plaintiffs' Massachusetts unjust enrichment claim because, as explained in the Previous Briefs, Massachusetts does not permit unjust enrichment claims where, as here, a statutory claim is available.  *See* Exhibit D.

Alternatively, the Court should dismiss Plaintiffs' Massachusetts unjust enrichment claim because, as explained in the Previous Briefs, Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third**, Massachusetts' statute of limitations bars EPs' Massachusetts consumer protection claim and Plaintiffs' Massachusetts unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No.  60.  The statute of limitations for antitrust claims in Massachusetts is four years, and the limitation applies equally to unjust enrichment claims based on the same allegations.  Mass. Gen. Laws ch. 93, § 13; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Massachusetts requires that Plaintiffs plead with particularity "affirmative act[s] done with intent to deceive," *Stark v.*

---

[10] The relevant paragraphs of the other complaints can be found at Exhibit B.

*Advanced Magnetics, Inc.*, 736 N.E.2d 434, 442 (Mass. App. Ct. 2000) (quotation and citation omitted), and the "exercise of reasonable diligence." *Frank Cooke, Inc. v. Hurwitz*, 406 N.E.2d 678, 683-85 (Mass. App. Ct. 1980); *Puritan Med. Ctr., Inc. v. Cashman*, 596 N.E.2d 1004, 1010 (Mass. 1992). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

 **L.    Michigan** (No New Authority)

The Court should dismiss Plaintiffs' Michigan claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Michigan antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Michigan unjust enrichment claim because Plaintiffs fail to allege that they conferred a direct benefit on Defendants and because Plaintiffs received the benefit of their bargain. *See* Exhibit D.

**Third**, Michigan's statute of limitations bars Plaintiffs' Michigan antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for antitrust claims in Michigan is four years, and the limitation applies equally to unjust enrichment claims based on the same allegations. Mich. Comp. Laws § 445.781; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198. To toll the statute of limitations for fraudulent concealment, Michigan requires that Plaintiffs plead with particularity "affirmative acts or misrepresentations that were designed to

2:13-cv-02202-MOB   Doc # 56   Filed 02/13/15   Pg 37 of 67   Pg ID 875

prevent subsequent discovery," *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996), and "due diligence until discovery of the facts." *Chandler v. Wackenhut Corp.*, No. 1:08-CV-1197, 2010 WL 307908, at *4-5 (W.D. Mich. Jan. 19, 2010) (quotation and citation omitted), *aff'd*, 465 F. App'x 425 (6th Cir. 2012). Plaintiffs do not allege either. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

   **M.   Minnesota** (No New Authority)

   The Court should dismiss Plaintiffs' Minnesota claims.

   **First**, the Court should dismiss Plaintiffs' Minnesota unjust enrichment claims because, as explained in the Previous Briefs, Minnesota does not allow a remedy in equity where, as here, there is an adequate remedy at law. *See* Exhibit D. Plaintiffs claim legal remedies under the antitrust and consumer protection laws of dozens of states, and thus cannot claim the absence of a legal remedy. *Id.* Plaintiffs' Minnesota unjust enrichment claims also fail because Plaintiffs do not plead that they conferred a direct benefit on Defendants. *Id.*

   Alternatively, the Court should dismiss Plaintiffs' Minnesota unjust enrichment claims because, as the defendants explained in their motions to dismiss in the Prior Auto Parts Cases, Plaintiffs received the benefit of their bargain. *See* Exhibit D.

   **Second**, Minnesota's statute of limitations bars Plaintiffs' Minnesota antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for antitrust claims in Minnesota is four years, and the same limitation applies to unjust enrichment claims that rely on the same allegations. Minn. Stat. § 325D.64.

   Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶

18

188-198.  To toll the statute of limitations for fraudulent concealment, Minnesota requires that Plaintiffs plead with particularity an "affirmative act designed to and which does prevent the discovery of the cause of action," *State Farm Mutual Auto. Ins. Co. v. Ford Motor Co.*, 572 N.W.2d 321, 325 (Minn. Ct. App. 1997), as well as due diligence and reliance.  *Hanna Mining Co. v. InterNorth, Inc.*, 379 N.W.2d 663, 667 (Minn. Ct. App. 1986); *Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*, 815 F. Supp. 1266, 1275 (D. Minn. 1993), *aff'd*, 29 F.3d 1283 (8th Cir. 1994).  Plaintiffs do not allege either.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

   **N.**     **Mississippi** (No New Authority)

   The Court should dismiss Plaintiffs' Mississippi claims.

   **First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Mississippi antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce.  *See* Exhibit D.

   **Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Mississippi unjust enrichment claims because Plaintiffs fail to allege that they mistakenly paid Defendants, and because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

   **Third**, Mississippi's statute of limitations bars Plaintiffs' Mississippi antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in Mississippi is three years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  Miss. Code Ann. § 15-1-49.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198. To toll the statute of limitations for fraudulent concealment, Mississippi requires that Plaintiffs plead with particularity "some affirmative act or conduct . . . [that] prevented discovery of the claim," and "due diligence . . . performed [by the plaintiffs]." *Stephens v. Equitable Life Assurance Soc'y of the U.S.*, 850 So. 2d 78, 84 (Miss. 2003). *See also Spann v. Diaz*, 987 So. 2d 443, 449 (Miss. 2008). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than three years before Plaintiffs filed their original complaints.

### O.    **Missouri** (No New Authority)

The Court should dismiss Plaintiffs' Missouri claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Missouri unjust enrichment claims because Plaintiffs received the benefit of their bargain and because Defendants provided consideration for the benefit that Plaintiffs received. *See* Exhibit D.

**Second**, Missouri's statute of limitations bars EPs' Missouri consumer protection claims and Plaintiffs' Missouri unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for consumer protection claims in Missouri is five years, and the limitation applies equally to unjust enrichment claims that are based on the same allegations. Mo. Rev. Stat. § 516.120; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that Defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198. To toll the statute of limitations for fraudulent concealment, Missouri requires that Plaintiffs plead with particularity affirmative acts of concealment and due diligence. *Owen v.*

20

*Gen. Motors Corp.*, 533 F.3d 913, 919-20 (8th Cir. 2008); *Batek v. Curators of the Univ. of Mo.*, 920 S.W.2d 895, 900 (Mo. 1996). Plaintiffs have not done so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than five years before Plaintiffs filed their original complaints.

      **P.**    **Montana** (No New Authority)

The Court should dismiss EPs' Montana claims.

**First**, the Court should dismiss EPs' Montana consumer protection claim because Montana's Consumer Protection Act expressly bars class claims. The Act provides that "[a] consumer who suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of a method, act, or practice declared unlawful by 30-14-103 may bring an individual *but not a class action*." Mont. Code Ann. § 30-14-133(1) (emphasis added). The Court has not ruled on this argument in previous cases as to end-payor plaintiffs, *see Fuel Senders*, 2:12-cv-00302, ECF No. 104 at 47, because end-payor plaintiffs have stipulated three times to dismissal of this claim. *See HCP*, 12-cv-00402, ECF No. 130; *IPC*, 2:12-cv-00202, ECF No. 82; *WH*, 2:12-md-02311, ECF No. 99.[11]

**Second**, the Court also should dismiss EPs' Montana consumer protection claim because EPs fail to allege a specific nexus between Defendants' conduct and intrastate commerce. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1104 (N.D.

---

[11] Although the Court rejected this argument with respect to ADs' claim under Montana's Consumer Protection Act in the *Wire Harness* case, *see WH*, 2:12-cv-00102, ECF No. 99 at 57, it did so because Defendants did "not provide any analysis or support post *Shady Grove* to support their position." *Id.* ADs in the current complaints do not allege any claim under Montana's Consumer Protection Act, presumably because the Court found that the Act does not provide a right of action to businesses like those of the ADs. *Id.* at 56. EPs previously have stipulated to dismiss this claim in previous cases, but if they do not voluntarily dismiss it here, the claim should be dismissed because Defendants have now provided the post-*Shady Grove* analysis to support dismissal – that class actions should continue to be barred in federal court under Mont. Code. Ann. § 30-14-133. *See* Exhibit D.

Cal. 2007) (dismissing plaintiffs' claims under Montana's consumer protection statute in part because plaintiffs failed to allege "any conduct or activity taking place within [Montana] that sets forth a basis for connecting plaintiffs' individual claims with representative claims under . . . Montana . . . statutes.").  As in *DRAM I*, EPs here fail to allege *any* offending conduct in Montana.

Third, for the reasons explained in the Previous Briefs, the Court should dismiss EPs' Montana unjust enrichment claims because Montana does not allow a remedy in equity where, as here, there is an adequate remedy at law.  *See* Exhibit D.  Further, Plaintiffs received the benefit of their bargain and Defendants provided consideration for the benefit that Plaintiffs received.  *See* Exhibit D.

Fourth, Montana's statute of limitations bars EPs' Montana consumer protection and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for consumer protection claims in Montana is two years, and the limitation applies equally to unjust enrichment claims based on the same allegations.  Mont. Code Ann. § 27-2-2114.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Montana requires that EPs plead with particularity both affirmative acts and due diligence.  Mont. Code Ann. § 27-2-102(3); *Yarbro, Ltd. v. Missoula Fed. Credit Union*, 50 P.3d 158, 163 (Mont. 2002); *Holman v. Hansen*, 773 P.2d 1200, 1203 (Mont. 1989); *Rucinsky v. Hentchel*, 881 P.2d 616, 618 (Mont. 1994).  EPs have not pled either.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than two years before Plaintiffs filed their original complaints.

22

**Q.**   **Nebraska** (No New Authority)

The Court should dismiss Plaintiffs' Nebraska claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Nebraska antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Nebraska's antitrust statute does not apply retroactively.  *See* Exhibit D.

**Second**, the Court should dismiss Plaintiffs' Nebraska unjust enrichment claims because, as explained in the Previous Briefs, Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third**, Nebraska's statute of limitations bars Plaintiffs' Nebraska antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in Nebraska is four years, and the limitation applies equally to unjust enrichment claims based on the same allegations.  Neb. Rev. Stat. § 59-1612; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Nebraska requires that Plaintiffs plead with particularity "some affirmative act of fraudulent concealment which prevent[ed] the [Plaintiffs] from discovering [their] cause of action" and that "they exercised due diligence to discover [their] cause of action before the statute of limitations expired."  *Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 902 (Neb. 1994).  Plaintiffs have not alleged either.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

**R.**     **Nevada** (No New Authority)

The Court should dismiss Plaintiffs' Nevada claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Nevada antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Nevada unjust enrichment claim because Plaintiffs fail to allege a sufficient impact on intrastate commerce, and because Plaintiffs received consideration for the benefit conferred.  *See* Exhibit D.

**Third**, Nevada's statute of limitations bars Plaintiffs' Nevada antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in Nevada is four years, and the same limitation applies to unjust enrichment claims based on the same allegations.  Nev. Rev. Stat. § 598A.220; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Nevada requires that Plaintiffs plead with particularity affirmative concealment and reasonable diligence.  *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 466 (Nev. 2012).  Plaintiffs have not done so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

**S.      New Hampshire** (No New Authority)

The Court should dismiss Plaintiffs' New Hampshire claims.

**First**, the Court should dismiss or limit Plaintiffs' New Hampshire antitrust claims to the extent the claims are based on conduct that allegedly occurred prior to the enactment of New Hampshire's indirect purchaser statute on January 1, 2008.  This Court has previously limited plaintiffs' claims in New Hampshire on this basis.  *See HCP*, 12-cv-00402, ECF No. 130; *Fuel Senders*, 2:12-cv-00302, ECF No. 104; *IPC*, 2:12-cv-00202, ECF No. 82; *WH*, 2:12-md-02311, ECF No. 99; s*ee also In re Silk*, 937 A.2d 900, 904 (N.H. 2007).  The Court should do so here as well.

The Court also should dismiss Plaintiffs' New Hampshire antitrust claims because, as explained in the Previous Briefs, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' New Hampshire unjust enrichment claim because Plaintiffs received the benefit of their bargain and received consideration for the benefit conferred.  *See* Exhibit D.

**Third**, New Hampshire's statute of limitations bars Plaintiffs' New Hampshire antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in New Hampshire is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. N.H. Rev. Stat. Ann. § 356:12; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, New Hampshire requires that Plaintiffs plead with particularity affirmative concealment that "actively misled" them of

25

their alleged cause action, as well as due diligence.  *Portsmouth Country Club v. Town of Greenland*, 883 A.2d 298, 304-05 (N.H. 2005); *Lamprey v. Britton Constr., Inc.*, 37 A.3d 359, 367 (N.H. 2012).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

>     **T.**     **New Mexico** (No New Authority)

The Court should dismiss Plaintiffs' New Mexico claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' New Mexico antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' New Mexico consumer protection claims because price-fixing claims cloaked as consumer protection claims are not actionable in New Mexico.  And, even if the claims were actionable, Plaintiffs fail to allege facts sufficient to plead unconscionability under New Mexico's consumer protection law.  *See* Exhibit D.

**Third**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' New Mexico unjust enrichment claim because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Fourth**, New Mexico's statute of limitations bars Plaintiffs' New Mexico antitrust, consumer protection, and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust and consumer protection claims in New Mexico is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  N.M. Stat. Ann. § 57-1-12.

26

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, New Mexico requires that Plaintiffs plead with particularity that they "exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence."  *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 858 P.2d 66, 74 (N.M. 1993).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

   **U.     New York** (No New Authority)

The Court should dismiss Plaintiffs' New York claims.

   **First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' New York antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce.  *See* Exhibit D.

   **Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' New York consumer protection claims because Plaintiffs (i) are too remote to have standing; (ii) do not allege any misrepresentations directed at them; and (iii) do not allege a specific nexus between Defendants' alleged conduct and intrastate commerce.  *See* Exhibit D.

   **Third**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' New York unjust enrichment claims because New York does not allow the purchaser of a complex product that contains many parts to claim unjust enrichment against a manufacturer of one of the parts, and because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

   **Fourth**, New York's statute of limitations bars Plaintiffs' New York antitrust, consumer protection and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-

27

cv-00602, ECF No. 62.  The statute of limitations for consumer protection and antitrust claims in New York is three and four years, respectively, and these limitations also apply to unjust enrichment claims asserted based on the same allegations.  N.Y. Gen. Bus. Law § 340(5); N.Y. C.P.L.R. 214(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, New York requires that Plaintiffs plead with particularity affirmative acts of concealment, reasonable reliance, and due diligence.  *Pahlad v. Brustman*, 33 A.D.3d 518, 519-20 (N.Y. App. Div. 2006); *Zoe G. v. Frederick F. G.*, 208 A.D.2d 675, 675 (N.Y. App. Div. 1994).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' consumer protection and unjust enrichment claims for damages based on purchases prior to three years before Plaintiffs filed their original complaints, and Plaintiffs' antitrust claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

###    V.    **North Carolina** (No New Authority)

The Court should dismiss Plaintiffs' North Carolina claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' North Carolina antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' North Carolina consumer protection claims because Plaintiffs do not allege a specific nexus between Defendants' alleged conduct and intrastate commerce.  *See* Exhibit D.

**Third**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' North Carolina unjust enrichment claim because   Plaintiffs do not allege they conferred a direct benefit on Defendants and because Plaintiffs received the benefit of their bargain. *See* Exhibit D.

**Fourth**, North Carolina's statute of limitations bars Plaintiffs' North Carolina antitrust, consumer protection, and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.   The statute of limitations for consumer protection and antitrust claims in North Carolina is four years, and that limitation also applies to unjust enrichment claims asserted based on the same allegations.   N.C. Gen. Stat. § 75-16.2; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, North Carolina requires that Plaintiffs plead with particularity affirmative acts of concealment, reasonable and detrimental reliance, and due diligence.  *Yancey v. Remington Arms Co.*, Nos. 1:12-cv-477 et al., 2013 WL 5462205, at *5 (M.D.N.C. Sept. 30, 2013); *Wilkerson v. Christian*, No. 1:06-cv-00871, 2008 WL 483445, at *12 (M.D.N.C. Feb. 19, 2008); *Crawford v. Paul Davis Restoration-Triad Inc.*, No. COA02-1040, 2003 WL 21436156, at *4 (N.C. Ct. App. June 17, 2003); *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 317 S.E.2d 41, 44 (N.C. Ct. App. 1984).  Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

 **W.**   **North Dakota** (No New Authority)

The Court should dismiss Plaintiffs' North Dakota claims.

29

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' North Dakota antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' North Dakota unjust enrichment claim because Plaintiffs fail to plead they conferred a direct benefit on Defendants and because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third**, North Dakota's statute of limitations bars Plaintiffs' North Dakota antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in North Dakota is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  N.D. Cent. Code § 51-08.1-10(1); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, North Dakota requires that Plaintiffs plead with particularity "some affirmative act or representation designed to prevent, and which does, in fact, prevent discovery of the cause of action," and the use of "reasonable diligence."  *Roether v. Nat'l Union Fire Ins. Co.*, 200 N.W. 818, 822-23 (N.D. 1924).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

**X.     Oregon** (No New Authority)

The Court should dismiss Plaintiffs' Oregon claims.

**First**, the Court should dismiss or limit Plaintiffs' Oregon antitrust claims to the extent the claims are based on conduct that allegedly occurred prior to January 1, 2010, the effective date of Oregon's indirect purchaser statute. This Court has previously limited plaintiffs' damages in New Hampshire and Utah on this basis, and should do so for the same reasons here. *See HCP*, 12-cv-00402, ECF No. 130; *Fuel Senders*, 2:12-cv-00302, ECF No. 104; *IPC*, 2:12-cv-00202, EFC No. 82; *WH*, 2:12-md-02311, ECF No. 99. Oregon does not apply statutes retroactively, and Oregon's indirect purchaser statute is no exception. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 10-4346 SI, 2011 WL 1113447, at *2 (N.D. Cal. Mar. 25, 2011); *Olson v. Wheelock*, 680 P.2d 719 (Or. Ct. App. 1984) (finding that Oregon's antitrust statute did not apply retroactively to conduct occurring before the statute was enacted).

The Court also should dismiss Plaintiffs' Oregon antitrust claims because, for the reasons explained in the Previous Briefs, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Oregon unjust enrichment claims because Plaintiffs received the benefit of their bargain. *See* Exhibit D.

**Third**, Oregon's statute of limitations bars Plaintiffs' Oregon antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for antitrust claims in Oregon is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. Or. Rev. Stat. § 646.140.

31

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Oregon requires that Plaintiffs plead with particularity affirmative acts of concealment and due diligence.  *Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239, 1241 (Or. 1972); *Kante v. Nike, Inc.*, No. CV 07-1407-HU, 2008 WL 5246090, at *5 (D. Or. Dec. 16, 2008), *aff'd*, 364 F. App'x 388 (9th Cir. 2010). Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

> **Y.     Rhode Island** (No New Authority)

The Court should dismiss EPs' Rhode Island claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss EPs' Rhode Island consumer protection claim because EPs, as indirect purchasers, lack standing and because price-fixing claims cloaked as consumer protection claims are not actionable in Rhode Island.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss EPs' Rhode Island unjust enrichment claims because Plaintiffs do not allege that they conferred a direct benefit on Defendants, and because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third,** Rhode Island's statute of limitations bars EPs' Rhode Island consumer protection and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for consumer protection claims in Rhode Island is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  R.I. Gen. Laws § 6-36-23; *Stuart & Sons*, 456 F. Supp. 2d at 343.

32

EPs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Rhode Island requires that EPs plead with particularity affirmative acts of concealment, reasonable reliance, and due diligence.  *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 182-83 (R.I. 2008); *Martin v. Howard*, 784 A.2d 291, 302 (R.I. 2001).  EPs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

### Z.   **South Carolina** (No New Authority)

The Court should dismiss Plaintiffs' South Carolina claims.

**First**, the Court should dismiss Plaintiffs' South Carolina consumer protection claims because, as this Court previously held in *HCP*, *Fuel Senders*, and *IPC*, South Carolina's Consumer Protection Act expressly bars class claims by indirect purchasers.  *HCP*, 12-cv-00402, ECF No. 130; *Fuel Senders*, 2:12-cv-00302, ECF No. 104; *IPC*, 2:12-cv-00202, ECF No. 82. The Act provides that "[a]ny person who suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, but *not in a representative capacity*, to recover actual damages."  S.C. Code Ann. § 39-5-140(a) (emphasis added).   As in *HCP*, *Fuel Senders*, and *IPC*, Plaintiffs in this putative class action are indisputably indirect purchasers.  This Court should thus dismiss Plaintiffs' South Carolina consumer protection claims.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' South Carolina unjust enrichment claims because Plaintiffs fail to plead that

Defendants owed them a duty or that they conferred a direct benefit on Defendants, and because Plaintiffs received the benefit of their bargain.  *See* Exhibit D.

**Third**, South Carolina's statute of limitations bars Plaintiffs' South Carolina consumer protection and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for consumer protection claims in South Carolina is three years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  S.C. Code Ann. § 39-5-150; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, South Carolina requires that Plaintiffs plead with particularity deliberate acts of deception and reasonable diligence. *Strong v. Univ. of S.C. Sch. of Med.*, 447 S.E.2d 850, 852 (S.C. 1994).  Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than three years before Plaintiffs filed their original complaints.

### AA.   **South Dakota** (No New Authority)

The Court should dismiss Plaintiffs' South Dakota claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' South Dakota antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege a sufficient impact on intrastate commerce.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' South Dakota unjust enrichment claims because Plaintiffs received consideration for the benefit conferred.  *See* Exhibit D.

**Third**, South Dakota's statute of limitations bars Plaintiffs' South Dakota antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for antitrust claims in South Dakota is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. S.D. Codified Laws § 37-1-14.4; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198. To toll the statute of limitations for fraudulent concealment, South Dakota requires that Plaintiffs plead with particularity an affirmative act designed to prevent, and which does prevent, discovery of the cause of action, and due diligence. *Hinkle v. Hargens*, 81 N.W.2d 888, 891 (S.D. 1957); *Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 515 (S.D. 1998). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

### BB.    Tennessee (No New Authority)

The Court should dismiss Plaintiffs' Tennessee claims.

**First**, the Court should dismiss Plaintiffs' Tennessee antitrust claims because Plaintiffs do not allege sufficient impact on intrastate commerce. This Court has recognized that to state a claim under Tennessee's antitrust law, Plaintiffs must allege "substantial effects" in Tennessee. *WH*, 2:12-md-02311, ECF No. 99. In *WH*, the Court found that Plaintiffs' allegations were sufficient because "in-state Plaintiffs allege they purchased vehicles containing price-fixed products *in Tennessee*." *Id.* (emphasis added). Plaintiffs allegations here fail to meet that requirement. No Plaintiff alleges to have purchased the alleged products in Tennessee. *See* EP Compl. ¶ 83.

35

Alternatively, the Court should dismiss Plaintiffs' Tennessee antitrust claims because, as the defendants explained in their Previous Briefs, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, the Court should dismiss Plaintiffs' Tennessee unjust enrichment claims because, as explained in the Previous Briefs, Plaintiffs received consideration for the benefit conferred, which precludes an unjust enrichment claim in Tennessee.  *See* Exhibit D.

The Court also should dismiss Plaintiffs' Tennessee unjust enrichment claims because, for the reasons explained in the Previous Briefs, Plaintiffs do not allege that they had privity of contract with Defendants or, if they did have privity, that they exhausted their remedies against Defendants, or that exhaustion would be futile.  *See* Exhibit D.

**Third**, Tennessee's statute of limitations bars Plaintiffs' Tennessee antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in Tennessee is three years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  Tenn. Code Ann. § 28-3-105.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Tennessee requires that Plaintiffs plead with particularity an "affirmative action on the part of the defendant [that is] something more than mere silence or a mere failure to disclose the known facts", and "reasonable care and diligence."  *Shadrick v. Coker*, 963 S.W.2d 726, 735 (Tenn. 1998) (quotation and citation omitted).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than three years before Plaintiffs filed their original complaints.

36

**CC.   Utah** (No New Authority)

The Court should dismiss Plaintiffs' Utah claims.

**First**, the Court should dismiss or limit Plaintiffs' Utah antitrust claims to the extent the claims are based on conduct that allegedly occurred prior to the enactment of Utah's indirect purchaser statute on May 1, 2006.  This Court previously limited plaintiffs' damages in Utah on this basis in *Fuel Senders*, *HCP*, *IPC*, and *WH*, and should do so for the same reasons here.  *See HCP*, 12-cv-00402, ECF No. 130; *Fuel Senders*, 2:12-cv-00302, ECF No. 104; *IPC*, 2:12-cv-00202, ECF No. 82; *WH*, 2:12-md-02311, ECF No. 99.   Utah enacted its statute allowing indirect purchasers to recover damages on May 1, 2006, Utah Code Ann. § 76-10-3109, and the statute may not be applied retroactively.  *See* Utah Code Ann. § 68-3-3 ("A provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive."); *Brown & Root Indus. Serv. v. Indus. Comm'n*, 947 P.2d 671, 675 (Utah 1997) ("The general rule is that statutes are not applied retroactively unless retroactive application is expressly provided for by the legislature."); *California v. Infineon Techs. AG*, No. C 06-4333 PJH, 2008 WL 1766775, at *4-5 (N.D. Cal. Apr. 15, 2008) (concluding "that indirect purchaser standing was not available" prior to the amendment to the Utah Antitrust Act that allowed for indirect purchaser claims).

The Court also should dismiss Plaintiffs' Utah antitrust claims because, for the reasons explained in the Previous Briefs, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, the Court should dismiss Plaintiffs' Utah unjust enrichment claims because, as explained in the Previous Briefs, Utah does not permit claims for unjust enrichment where, as here, Plaintiffs have an adequate remedy at law.  Utah courts have explicitly applied this rule to bar unjust enrichment claims where there is a contract addressing the transaction at issue, even when the contract is not between the parties to the litigation.  Because Plaintiffs do not allege the

37

absence of an adequate legal remedy nor the absence of a contract governing their purchases of the alleged products, Plaintiffs' Utah unjust enrichment claim must be dismissed.  *See* Exhibit D.

Alternatively, the Court should dismiss Plaintiffs' Utah unjust enrichment claims because, as the defendants explained in their Previous Briefs, Plaintiffs fail to plead that they conferred a direct benefit on Defendants.  *See* Exhibit D.

**Third**, Utah's statute of limitations bars Plaintiffs' Utah antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in Utah is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  Utah Code Ann. § 76-10-3117.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Utah requires that Plaintiffs plead with particularity affirmative acts of concealment and due diligence. *Russell/Packard Dev., Inc. v. Carson*, 78 P.3d 616, 621 (Utah Ct. App. 2003), *aff'd*, 108 P.3d 741 (Utah 2005); *Colosimo v. Roman Catholic Bishop*, 156 P.3d 806, 817 (Utah 2007); *Berenda v. Langford*, 914 P.2d 45, 51–52 (Utah 1996).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

**DD.   Vermont** (No New Authority)

The Court should dismiss Plaintiffs' Vermont claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Vermont antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Vermont consumer protection claims because Plaintiffs are too remote to have standing.  *See* Exhibit D.

**Third**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Vermont unjust enrichment claims because Plaintiffs received consideration for the benefit conferred.  *See* Exhibit D.

**Fourth**, Vermont's statute of limitations bars Plaintiffs' Vermont antitrust, consumer protection, and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust and consumer protection claims in Vermont is six years, and the limitation also applies to unjust enrichment claims relying on the same allegations.  Vt. Stat. Ann. tit. 12, § 511.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  *See* AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, Vermont requires that Plaintiffs plead with particularity an act of concealment with "an affirmative character designed to prevent, and which does prevent, the discovery of the cause of action", and the "exercise of ordinary diligence."  *Watts v. Mulliken's Estate*, 115 A. 150, 152 (Vt. 1921); *Rodrigue v. VALCO Enters., Inc.*, 726 A.2d 61, 64 (Vt. 1999).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to six years before Plaintiffs filed their original complaints.

**EE.    West Virginia** (No New Authority)

The Court should dismiss Plaintiffs' West Virginia claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' West Virginia antitrust claims because Plaintiffs do not have antitrust standing under

*AGC* or any other remoteness standard, and because Plaintiffs do not allege a sufficient impact on intrastate commerce.  *See* Exhibit D.

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' West Virginia unjust enrichment claims because Plaintiffs fail to allege not only that Defendants' retention of some benefit is "inequitable and unconscionable" but also "how", as required in West Virginia.  *See* Exhibit D.

**Third**, West Virginia's statute of limitations bars Plaintiffs' West Virginia antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62.  The statute of limitations for antitrust claims in West Virginia is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  W. Va. Code Ann. § 47-18-11.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198.  To toll the statute of limitations for fraudulent concealment, West Virginia requires that Plaintiffs plead with particularity "obstruction by the defendant . . . by a positive act" or due diligence.  *Sattler v. Bailey*, 400 S.E.2d 220, 228-29 (W. Va. 1990).  Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than four years before Plaintiffs filed their original complaints.

###### FF.    **Wisconsin** (No New Authority)

The Court should dismiss Plaintiffs' Wisconsin claims.

**First**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Wisconsin antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege a sufficient impact on intrastate commerce.  *See* Exhibit D.

40

**Second**, for the reasons explained in the Previous Briefs, the Court should dismiss Plaintiffs' Wisconsin unjust enrichment claims because Plaintiffs received consideration for the benefit conferred. *See* Exhibit D.

**Third**, Wisconsin's statute of limitations bars Plaintiffs' Wisconsin antitrust and unjust enrichment claims. *See Bearings*, 2:12-cv-00502, ECF No. 82; *OSS*, 2:12-cv-00602, ECF No. 62. The statute of limitations for antitrust claims in Wisconsin is six years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. Wisc. Stat. § 133.18(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 237-248; EP Compl. ¶¶ 188-198. To toll the statute of limitations for fraudulent concealment, Wisconsin requires that Plaintiffs plead with particularity affirmative conduct, detrimental reliance, and due diligence. *State ex rel. Susedik v. Knutson*, 191 N.W.2d 23, 25-26 (Wis. 1971); *Hinkson v. Sauthoff*, 74 N.W.2d 620, 622 (Wis. 1956). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases more than six years before Plaintiffs filed their original complaints.

## III.   ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFFS' UNJUST ENRICHMENT CLAIMS BECAUSE PLAINTIFFS CANNOT USE UNJUST ENRICHMENT TO RECOVER ON FAILED ANTITRUST AND CONSUMER PROTECTION THEORIES

The Court also should dismiss Plaintiffs' unjust enrichment claims under the laws of any states for which the Court dismisses Plaintiffs' statutory antitrust and consumer protection claims. This parallel outcome is required because Plaintiffs cannot use parasitic unjust enrichment claims to recover on failed statutory antitrust and consumer protection claims. Allowing Plaintiffs to pursue unjust enrichment claims where applicable state laws bar antitrust

41

and consumer protection claims by indirect purchasers would enable Plaintiffs to circumvent the legislative policy choices of those states. Numerous courts have prevented that kind of end-run. *See Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 425 (E.D. Pa. 2010); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 232 (S.D.N.Y. 2012); *In re K-Dur Antitrust Litig.*, No. 01-1652 (JAG), 2008 WL 2660780, at *5 (D.N.J. Feb. 28, 2008). *See also In re Digital Music*, 812 F. Supp. 2d at 412-13 (dismissing indirect purchaser unjust enrichment claims where the predicate claim was dismissed); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 539 (E.D. Pa. 2010) (dismissing plaintiffs' parasitic unjust enrichment claims under Illinois law after finding that plaintiffs' indirect class action claims were barred by Illinois's class action bar, and noting plaintiffs could not do "an end run around the Illinois legislature's determination" to bar class action indirect purchaser claims); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1380 (S.D. Fla. 2001); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004). *See also* Exhibit D.

The Court previously dismissed plaintiffs' Illinois antitrust claims and South Carolina consumer protection claims, and limited plaintiffs' New Hampshire and Utah antitrust claims to apply only to conduct that occurred after New Hampshire and Utah passed their indirect purchaser statutes. *See HCP*, 12-cv-00402, ECF No. 130; *Fuel Senders*, 2:12-cv-00302, ECF No. 104; *IPC*, 2:12-cv-00202, ECF No. 82; *WH*, 2:12-md-02311, ECF No. 99. For the same reasons, as explained in Section II above, the Court here should dismiss and limit the same claims. And consistent with that ruling, the Court should correspondingly dismiss or limit Plaintiffs' unjust enrichment claims in those states. To the extent that the Court dismisses or limits Plaintiffs' statutory claims under the laws of other states, the Court also should dismiss or limit Plaintiffs' unjust enrichment claims in those states.

42

Moreover, even if the Court construes Plaintiffs' unjust enrichment claims to be autonomous, "free-standing," unjust enrichment claims, the Court must nonetheless dismiss those claims because there is no cause of action for unjust enrichment separate and apart from the predicate statutory causes of action. *In re Digital Music*, 812 F. Supp. 2d at 412-14 (dismissing all autonomous unjust enrichment claims). The necessary premise of a freestanding unjust enrichment claim is that "even if the defendants' conduct is blameless under the substantive requirements of federal and state antitrust statutes and state consumer protection statutes, the plaintiffs nevertheless can still obtain restitution of some part of their . . . purchase price." *In re New Motor Vehicles*, 350 F. Supp. 2d at 209. Yet that premise cannot stand, as it would "result in restitution undermining another body of substantive law." *Id*. Accordingly, to the extent Plaintiffs purport to assert autonomous unjust enrichment claims, the Court should dismiss these claims to the same extent the Court dismisses Plaintiffs' statutory antitrust and consumer protection claims.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss ADs' and EPs' Consolidated Amended Class Action Complaints in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: February 13, 2015                          Respectfully submitted,


                                                  */s/ Steven F. Cherry*
                                                  Steven F. Cherry
                                                  David P. Donovan
                                                  Brian C. Smith
                                                  Kurt G. Kastorf
                                                  WILMER CUTLER PICKERING HALE
                                                  AND DORR LLP
                                                  1875 Pennsylvania Avenue, NW

43

Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Counsel for DENSO Corporation, DENSO International America, Inc., ASMO Co., Ltd., ASMO North America, LLC, and ASMO Greenville of North Carolina, Inc.*

 */s/ Steven M. Zarowny* (with consent)
Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 DENSO Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
STEVE_ZAROWNY@DENSO-diam.com

*Counsel for Defendant DENSO International America, Inc.*

 */s/ George A. Nicoud III* (with consent)
George A. Nicoud III
Joel S. Sanders
Austin Schwing
Stuart C. McPhail
Leslie A. Wulff
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.:  (415) 393-8200
Fax:  (415) 393-8306
TNicoud@gibsondunn.com
JSanders@gibsondunn.com
ASchwing@gibsondunn.com
SMcphail@gibsondunn.com
LWulff@gibsondunn.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

44

/s/ Terrence J. Truax (with consent)
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
ZAUSMER, KAUFMAN, AUGUST &
CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Mitsubishi Electric Corporation,
Mitsubishi Electric US Holdings, Inc., and
Mitsubishi Electric Automotive America, Inc.*

/s/ David C. Giardina (with consent)
David C. Giardina
Courtney A. Rosen
SIDLEY AUSTIN LLP
One S. Dearborn St.
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
dgiardina@sidley.com
crosen@sidley.com

/s/ Bradley J. Schram (with consent)
Bradley J. Schram (MI Bar # P26337)
HERTZ SCHRAM PC
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346

45

bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd.,*
*Toyo Automotive Parts (USA), Inc.*


*/s/ Jeremy J. Calsyn (with consent)*
Jeremy J. Calsyn
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2000 Pennsylvania Ave, NW
Washington, DC 20006
Tel.: (202) 974-1552
Fax: (202) 974-1999
jcalsyn@cgsh.com


*/s/ Howard Iwrey* (with consent)
Howard Iwrey
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel.: (248) 203-0526
Fax: (248) 203-0763
hiwrey@dykema.com

*Counsel for Aisin Seiki Co., Ltd., and Aisin*
*Automotive Casting, LLC*


*/s/ Barry A. Pupkin* (with consent)
Barry A. Pupkin
Iain R. McPhie
Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
1200 19th Street, NW, Suite 300
Washington, DC 20036
Tel:  (202) 626-6600
Fax:  (202) 626-6780
Barry.Pupkin@squirepb.com
Iain.McPhie@squirepb.com
Jeremy.Dutra@squirepb.com

*Counsel for Aisan Corporation of America and*
*Franklin Precision Industry, Inc.*

46

*/s/* (with consent) *William R. Jansen*
William R. Jansen (P36688)
Michael G. Brady (P57331)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

Michael Feldberg
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

John Roberti
ALLEN & OVERY LLP
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com

*Counsel for Robert Bosch LLC, Robert Bosch*
*GmbH and Bosch Electrical Drives Co., Ltd.*


*/s/ Anita F. Stork (with consent)*
Anita F. Stork
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Tel:  (415) 591-7050
Fax:  (415) 955-6550
Email: astork@cov.com

Maureen T. Taylor (P63547)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Tel:  (248) 971-1721
Fax:  (248) 971-1801
Email: taylor@bwst-law.com

*Attorneys for Defendant Keihin North America, Inc.*

47

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 13th day of February, 2015, I caused a true and correct copy of the foregoing DEFENDANTS' COLLECTIVE MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS and  MEMORANDUM IN SUPPORT THEREOF to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Steven F. Cherry*
Steven F. Cherry
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com

*Counsel for DENSO Corporation, DENSO
International America, Inc., ASMO Co., Ltd.,
ASMO North America, LLC, and ASMO Greenville
of North Carolina, Inc.*