**REDACTED**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Windshield Wiper Systems<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices | 2:13-cv-00902<br>2:13-cv-00903<br>2:13-cv-02202<br>2:13-cv-02203<br>2:13-cv-02502<br>2:13-cv-02503 |
| This Document Relates to:<br><br>All Auto Dealer Actions<br>All End-Payor Actions | **Oral Argument Requested** |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS DENSO
INTERNATIONAL KOREA CORPORATION AND
DENSO KOREA AUTOMOTIVE CORPORATION'S
MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS'
CONSOLIDATED AMENDED COMPLAINTS FOR LACK OF
PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

**REDACTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT .........................................................................................................................1

I. THE PLAINTIFFS' COMPLAINTS FAIL TO SPECIFICALLY ALLEGE THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE KOREAN DEFENDANTS ...................................................................................1

II. PLAINTIFFS' CONSPIRACY THEORY OF PERSONAL JURISDICTION IS NOT A BASIS TO EXERCISE PERSONAL JURISDICTION OVER THE KOREAN DEFENDANTS ...................................................................................3

III. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINTS BECAUSE THEY LACK BOTH CONSTITUTIONAL AND ANTITRUST STANDING .................4

IV. THE COURT SHOULD DISMISS PLAINTIFFS' STATE ANTITRUST, CONSUMER PROTECTION, AND UNJUST ENRICHMENT CLAIMS .......................4

V. THE COURT SHOULD DISMISS MANY OF THE PLAINTIFFS' CLAIMS BASED ON STATE STATUTES OF LIMITATIONS .......................................................5

CONCLUSION ......................................................................................................................5

**REDACTED**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Automotive Parts Antitrust Litigation*,
   Nos. 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456611 (E.D. Mich. June 6, 2013) ........... 3-4

*In re Automotive Parts Antitrust Litigation*,
   No. 2:12-cv-00500, 2014 WL 2999271 (E.D. Mich. July 3, 2014) ..........................................4

*In re Automotive Parts Antitrust Litigation*,
   Nos. 2:13-cv-01702, 2:13-cv-01703, 2015 LEXIS 23166 (E.D. Mich. Feb. 26, 2015) ............4

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(2) ..............................................................................................................1, 5

Fed. R. Civ. P. 12(b)(6) .................................................................................................................5

\* \* \* \* \*

**REDACTED**

## ARGUMENT

Defendants DENSO INTERNATIONAL KOREA CORPORATION ("DIKR") and DENSO KOREA AUTOMOTIVE CORPORATION ("DNKA," collectively the "Korean Defendants") submit this Reply in Support of their Motion to Dismiss End-Payors' and Auto Dealers' Consolidated Amended Complaints ("CACs") for Lack of Jurisdiction and Failure to State a Claim. *See Windshield Wiper Systems (Dealership Actions)*, No. 2:13-cv-00902 (ECF No. 52); *Windshield Wiper Systems (End-Payor Actions)*, No. 2:13-cv-00903 (ECF No. 66), *Fuel Injection Systems (Dealership Actions)*, 2:13-cv-02202 (ECF No. 57), *Fuel Injection Systems (End-Payor Actions)*, 2:13-cv-02203 (ECF No. 52), *Valve Timing Control Devices (Dealership Actions)*, 2:13-cv-02502 (ECF No. 54), and *Valve Timing Control Devices (End-Payor Actions)*, 2:13-cv-02503 (ECF No. 50).

### I. THE PLAINTIFFS' COMPLAINTS FAIL TO SPECIFICALLY ALLEGE THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE KOREAN DEFENDANTS

This Court dismissed claims against foreign entities in the *Wire Harness* and *Bearings* cases on the grounds that Plaintiffs had not established that those defendants' contacts with the United States were sufficient for the Court to exercise personal jurisdiction over them. Because Plaintiffs' CACs have failed to allege facts that are sufficient to show that this Court may exercise personal jurisdiction over either of the Korean Defendants, the Court should reach the same result here and dismiss Plaintiffs' claims against DIKR and DNKA pursuant to Rule 12(b)(2).

Plaintiffs' opposition asserts that the Korean Defendants engaged in a conspiracy to rig bids and fix prices of Wipers, Fuel Injection Systems ("FIS"), and Valve Timing Control Devices ("VTCD") "with the specific knowledge and/or expectation that the harm caused by the

**REDACTED**

conspiracy would be suffered in the United States." Opp. at 10. While Plaintiffs contend that each of their complaints identifies an episode of alleged bid-rigging that "establish[es] that the DENSO Korean Entities knowingly aimed their anticompetitive activities at the U.S., harming U.S. residents" (Opp. at 11), the actual allegations in the complaints regarding those alleged episodes say nothing whatsoever about conduct aimed at the United States or its residents.[1]

Plaintiffs' opposition compounds this error by asserting, for the first time, an allegation that they concede is found nowhere in their complaints, namely that ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ But the very fact that Plaintiffs must now rely on allegations that lie *outside* their complaints itself demonstrates that dismissal is necessary.

Plaintiffs further err in claiming that the DENSO Korean Defendants engaged in overt actions directed at the United States and that they ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[1] AD FIS Compl. ¶¶ 232-33, EP FIS Compl. ¶¶ 200-01 (containing no allegations regarding the intended destination of the vehicles or the United States); AD Wipers Compl. ¶ 175, EP Wipers Compl. ¶ 168 (containing no allegations regarding the intended destination of the vehicles or the United States).

2

**REDACTED**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████  And there are *no* allegations whatsoever—either in the FIS or Wipers complaints or in Plaintiffs' opposition—as to whether any of the Korean Defendants' alleged conduct with respect to those products was directed at the United States.

Furthermore, even if (contrary to the foregoing) Plaintiffs' complaints had alleged sufficient facts to find purposeful availment by the Korean Defendants, given their tenuous connection with the United States and the tremendous burden they would suffer if they had to defend themselves in the United States, this Court's exercise of jurisdiction over them would be contrary to the Constitution's guarantees of due process.

II. **PLAINTIFFS' CONSPIRACY THEORY OF PERSONAL JURISDICTION IS NOT A BASIS TO EXERCISE PERSONAL JURISDICTION OVER THE KOREAN DEFENDANTS**

Plaintiffs rely on the same deficient factual allegations to assert that "Plaintiffs' [sic] participation in the conspiracy is part of a larger corporate effort to effectuate a conspiracy from all across the globe that causes harm to the U.S. automobile market and U.S. consumers." Opp. at 14. As explained above, Plaintiffs have not included any specific allegations in their complaints to support this conclusion, and have pled no facts to support that the Korean Defendants were aware of a coordinated global conspiracy aimed at U.S. consumers, let alone participated in such an alleged conspiracy. Plaintiffs' attempts to incorporate DENSO Corporation's guilty pleas for different products do not support this Court exercising personal jurisdiction over the Korean Defendants. This Court has already declined to apply such a theory in other cases in this MDL, as Plaintiffs concede (*id.*), and should do so here as well. *See In re Automotive Parts Antitrust Litig.*, Nos. 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456611, at *3

3

**REDACTED**

(E.D. Mich. June 6, 2013) (Wire Harness); *In re Automotive Parts Antitrust Litig.*, No. 2:12-cv-00500, 2014 WL 2999271, at *5-6 (E.D. Mich. July 3, 2014) (Bearings); *In re Automotive Parts Antitrust Litig.*, HID Ballasts, Nos. 2:13-cv-01702, 2:13-cv-01703, 2015 LEXIS 23166, at *202-04 (E.D. Mich. Feb. 26, 2015).

### III. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINTS BECAUSE THEY LACK BOTH CONSTITUTIONAL AND ANTITRUST STANDING

The Court should also dismiss Plaintiffs' claims because the Plaintiffs lack both Article III and antitrust standing for the reasons enumerated in Defendants' Collective Motion to Dismiss in the Windshield Wiper Systems cases. *See Windshield Wiper Systems (Dealership Actions)*, No. 2:13-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End-Payor Actions)*, No. 2:13-cv-00903 (ECF No. 65); and in Defendants' Collective Reply Brief in those same cases, to be filed on March 20, 2015, which the Korean Defendants adopt and incorporate by reference herein pursuant to the Stipulation and Order Regarding Motions to Dismiss entered on February 18, 2015 (ECF Nos. 54 and 67), *Inverters (Dealership Actions)*, 2:13-cv-001802 (ECF No. 11) and *Inverters (End-Payor Actions)*, 2:13-cv-001803 (ECF No. 31).

### IV. THE COURT SHOULD DISMISS PLAINTIFFS' STATE ANTITRUST, CONSUMER PROTECTION, AND UNJUST ENRICHMENT CLAIMS

The Court should also dismiss Plaintiffs' claims under state antitrust, consumer protection, and unjust enrichment laws for the reasons enumerated in Defendants' Collective Motion to Dismiss in the Windshield Wiper Systems cases. *See Windshield Wiper Systems (Dealership Actions)*, No. 2:13-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End-Payor Actions)*, No. 2:13-cv-00903 (ECF No. 65); and in Defendants' Collective Reply Brief in those same cases, to be filed on March 20, 2015, which the Korean Defendants adopt and incorporate by reference herein pursuant to the Stipulation and Order Regarding Motions to Dismiss entered

REDACTED

on February 18, 2015 (ECF Nos. 54 and 67), *Inverters (Dealership Actions)*, 2:13-cv-001802 (ECF No. 11) and *Inverters (End-Payor Actions)*, 2:13-cv-001803 (ECF No. 31).

## V.  THE COURT SHOULD DISMISS MANY OF THE PLAINTIFFS' CLAIMS BASED ON STATE STATUTES OF LIMITATIONS

The Court should also dismiss many of the Plaintiffs' claims based on state statutes of limitations for the reasons enumerated in Defendants' Collective Motion to Dismiss in the Windshield Wiper Systems cases. *See Windshield Wiper Systems (Dealership Actions)*, No. 2:13-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End-Payor Actions)*, No. 2:13-cv-00903 (ECF No. 65); and in Defendants' Collective Reply Brief in those same cases, to be filed on March 20, 2015, which the Korean Defendants adopt and incorporate by reference herein pursuant to the Stipulation and Order Regarding Motions to Dismiss entered on February 18, 2015 (ECF Nos. 54 and 67), *Inverters (Dealership Actions)*, 2:13-cv-001802 (ECF No. 11) and *Inverters (End-Payor Actions)*, 2:13-cv-001803 (EC No. 31).

## CONCLUSION

For the reasons stated above, DIKR and DNKA respectfully request that the Court dismiss the Auto Dealers' and End Payors' Consolidated Amended Class Action Complaints in their entirety for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6).

Dated: March 13, 2015                     Respectfully submitted,

                                          */s/* Steven F. Cherry
                                          Steven F. Cherry
                                          David P. Donovan
                                          Brian C. Smith
                                          Kurt G. Kastorf
                                          WILMER CUTLER PICKERING HALE
                                          AND DORR LLP

5

**REDACTED**

    1875 Pennsylvania Avenue, NW
    Washington, DC 20006
    Tel.: (202) 663-6000
    Fax: (202) 663-6363
    steven.cherry@wilmerhale.com
    david.donovan@wilmerhale.com
    brian.smith@wilmerhale.com
    kurt.kastorf@wilmerhale.com

    *Counsel for DENSO INTERNATIONAL KOREA CORPORATION and DENSO KOREA AUTOMOTIVE CORPORATION*

6

**REDACTED**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2015, I caused a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS DENSO INTERNATIONAL KOREA CORPORATION AND DENSO KOREA AUTOMOTIVE CORPORATION'S MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

       /s/ Steven F. Cherry
Steven F. Cherry
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com

*Counsel for DENSO INTERNATIONAL KOREA CORPORATION and DENSO KOREA AUTOMOTIVE CORPORATION*